Babcock, J.
The demurrer admits all facts well pleaded, and defendants contend the petition does not state facts which warrant the court in interfering with the defendants in the exercise of the powers conferred upon them as municipal officers. These powers are conferred, as regards the subject-matter of this case, in Sections 3631 and 4326, General Code (1536-100, Par. 26, and 1536-677, Bevised Statutes). The first grants to the municipal corporation the power “to hold and improve * # * parks.” The second section says, “the directors of public service shall have the management of all * • # * parks.”
The statute in force before the passage of the present municipal code declared, “the improvement, care-and control of all parks” shall be vested in the board.
*599 The present provisions are identical in meaning with the old. They put the parks in the city’s care to tend, keep, improve and manage, so as to make them of use and comfort to the people and public generally.
Within the scope of their powers and duties, municipal officers' are free from supervision by the courts. In matters of discretionary powers and duties, they must so far have departed as that their acts subvert rather than conserve the purposes and objects of the trust committed to their hands, before the courts can interfere.
The rule of law governing is stated in many texts and decisions, but perhaps the definition given in Cyc., Yol. 28, page 282, is as good as any. It is as follows:
‘ ‘ The acts of á municipal body, within the scope of the powers conferred upon it, are conclusive upon the courts, and can not bé reviewed or enjoined unless they are so unreasonable, oppressive and subversive of individual rights as to clearly indicate am abuse rather than a lawful use of a power.”
In an instructive case, that of Kitchel v. Board of Commissioners, 123 Ind., 540, the claim was, that the county commissioners were about to build a court house which was unnecessary, and were doing it “merely to promote the interests of the architects, who were to receive a specified per cent, of the contract price.” In the opinion, Mitchell, C. J., says:
“It was necessary that the power to determine when the public interests demanded that a court house in any county should be repaired or rebuilt, or whether it should be superseded by a new one, should be lodged somewhere. The Legislature has seen fit to entrust that power to the board of county commissioners; and while the board acts within the discretion committed to it, there is no place for judicial interference, until it is clearly shown that the commissioners are acting fraudulently or corruptly, and in violation of their duty as public officers. The law having devolved the duty of deciding in respect to the propriety of replacing the old court house with a new one upon the county board, the court can not substitute its judgment for that of the body .to whom the duty of determining the interest has been committed,’ unless it appears that the decision of the board was *600 influenced, by corrupt or fraudulent means, or unless it is so manifestly wrong and prejudicial to the public interest as to create the conviction that it could only have resulted from a palpable disregard of official duty.”
We get the rule, then, to apply to this case, that fraud and corruption must be pleaded, or, in its absence, allegations must be in the petition such as show manifest wrong and prejudice to the public interest as to create the conviction that “it could only have resulted from a palpable disregard of official duty,” or “so unreasonable and oppressive and subversive of individual rights as to clearly indicate an abuse rather than a lawful use of a power.”
Let us apply the rule thus formulated to the petition. Leaving out superfluous words, the charge is:
There are in said parks a large number of valuable trees, necessary for the purpose of enabling citizens and inhabitants to obtain the benefits and advantages for which the parks are held in trust- by the city. That defendants have been, and are now, without just cause or excuse, cutting down and destroying said trees in large numbers; and, unless restrained, will continue to cut down and destroy said trees in said parks, and in other of the parks and public streets, and will continue to destroy valuable property held by the city in trust for the people; and that the destruction of said trees is entirely unnecessary, and is a gross abuse of the discretion vested in said defendants; that all of said trees can be preserved and made to be both useful and beautiful for years to come by proper care and treatment; that the destructive work which is now going on will not only result in the removal of the trees so being cut down and destroyed, but many of the remaining trees are of such character and nature that they will not live after these trees are cut down and,destroyed; -that the destruction of said trees, as threatened, will render the parks unfit for enjoyment of the citizens and inhabitants of the city.
The allegation that “all of said trees can be preserved and made to be both useful and beautiful for years to come by proper care and treatment,” causes one to suspect that the pleader has *601 in mind that the cutting is of defective trees which need care and treatment. If the petition is to be read as charging only that, it is demurrable; but the petition must not be read in the light of newspaper articles which have informed the people as regards the management of the parks and the care being given to the same; but in the light only of what the petition says.
To condense the statement still further, it says there are a large number of valuable trees, necessary for the citizens to obtain the benefits of the parks, existing in Woodland Hills and Brook-side Park; that, without any just cause or excuse, the defendants are cutting them down in large numbers; that this destroying of the trees is unnecessary, is an abuse of discretion, and that it is being carried on; and, unless prevented by the court, will result in these trees being removed and destroyed, and others thereby be killed to such an extent that it will render the parks unfit for enjoyment of the citizens and inhabitants of the city.
Whether the defendants have been rash in exercising their powers in cutting down and destroying trees that most foresters or park managers would leave growing, is of no consequence in determining this question, for that is a matter within their discretion, and with which courts can not interfere. The question is, are defendants charged with making destruction of trees in the parks to such an extent as to make them -unfit for use and enjoyment by the public? If so, they are grossly abusing their powers. This I think no one can question.
In the absence of that which we have learned from newspaper articles, and which it is difficult to keep from reading between the lines, this seems to charge the wholesale destruction of the groves in these parks, which are their chief attractions and blessings. If this language is to be construed as only a charge of a severe pruning and trimming of the park, and that to the extent of bad judgment, the petition is demurrable. If, on the contrary, it charges conduct “so manifestly wrong and prejudicial to the public interest as to create the conviction that it could only have resulted from a palpable disregard of official duty, ” it is not demurrable. I have no conviction that what has been done in the way of pruning the parks has resulted from a *602 palpable disregard of official duty. This is true because I have learned from outside sources, the newspapers, what has been done. But if I had nothing but the petition itself to inform, me, and I believed its allegations, I should have the conviction that there had been a “palpable disregard of official duty.”
In that view of the case, it seems to me that the petition is not demurrable, but it should be answered, that it may be known whether defendants are destroying the groves in the parks, or only improving them by the removal of decayed and infected trees, or such as would better' be removed or supplanted by something better.
The demurrer is overruled.