Kitchel *et al. v.* The Board of Commissioners of Union County *et al.*

No. 15,577.

KITCHEL ET AL. *v.* THE BOARD OF COMMISSIONERS OF UNION COUNTY ET AL.

COUNTY COMMISSIONERS.—*Construction of Court-House.—Discretionary Power.* —The power to determine when the public interests demand that the court-house in any county shall be repaired or rebuilt, or whether it shall be superseded by a new one, is entrusted by statute to the county commissioners. While the board acts within the discretion committed to it, a court can not interfere until it is clearly shown that the commissioners are acting fraudulently or corruptly.

SAME.—Where the board of county commissioners, in the honest exercise of their discretion, determine that an old court-house is insufficient or insecure, and that the public interests would be best subserved by the erection of a new one, and are proceeding to carry out that determination in the statutory mode, their proceedings are not subject to judicial restraint.

SAME.—*Fraud.—Non-Averment of Facts.*—Allegations in the complaint that the proceedings of the board in ordering the old court house to be taken down, and in adopting plans and specifications for a new one, were wholly for the benefit of the architects who were to receive a specified percentage of the contract price, in the absence of supporting facts do not tender an issue of corruption or bad faith.

SAME.—*Plans—Changes in.—Extra Work*—The board may incorporate in the plans and specifications, required by the statute to be adopted before the contract is let, a stipulation by which the right is reserved to the board, in conjunction with the architect, to make changes in the work, and to adjust the price accordingly.

From the Union Circuit Court.

*R. Conner, H. L. Frost, G. W. Pigman, J. I. Little* and *D. W. McKee,* for appellants.

*T. D. Evans, L. H. Stanford, J. W. Connaway* and *J. H. Gillett,* for appellees.

MITCHELL, C. J.—Certain taxpayers residing in Union county sought to enjoin the board of commissioners from proceeding to let the contract for the erection of, and from erecting, a court-house for the use of the county.

An injunction was asked upon two independent grounds: 1. It was alleged, in substance, that there was no necessity for the erection of a new court-house, because the county already had one that was in all respects suitable, safe and convenient, and fully adequate to accommodate all the public offices and business of the county for fifteen or twenty years to come, and that the proceedings of the board in ordering the old court-house to be taken down, and in adopting plans and specifications for a new one, were altogether in the interest and for the benefit of certain architects, whose plans had been adopted, and who were to receive a specified percentage on the cost of erecting a new building. 2. It was also claimed that the order of the board adopting plans and specifications for the new building proposed was a nullity, because there was incorporated in the specifications adopted by the board, a stipulation by which the commissioners reserved the right, in conjunction with the architect, to alter or modify the design of the building, or the construction and details of the work, and to add to or diminish the contract price in proportion as the work added or omitted was greater or less than that called for by the plans and specifications adopted.

In respect to the first proposition it is only necessary to say the statute, section 5748, R. S. 1881, makes it the duty of the county commissioners in each county to " cause a court-house, jail, and public offices for the clerk, recorder, treasurer, and auditor, to be erected and furnished, where the same has not been done," and to keep all the public buildings of the county in repair, and to make the public offices fire-proof if practicable.. The county board is authorized to provide the means by borrowing, or otherwise, in order to construct, complete or repair the court-house or other county buildings, whenever it shall be necessary to do so.

It was necessary that the power to determine when the public interests demanded that the court-house in any county

should be repaired or rebuilt, or whether it should be super-seded by a new one, should be lodged somewhere. The Leg-islature has seen fit to entrust that power to the board of county commissioners, and while the board acts within the discretion committed to it, there is no place for judicial in-terference, until it is clearly shown that the commissioners are acting fraudulently or corruptly, and in violation of their duty as public officers. The law having devolved the duty of deciding in respect to the propriety of replacing the old court-house with a new one upon the county board, a court can not substitute its judgment for that of the body to whom the duty of determining the necessity has been committed, unless it appears that the decision of the board was influenced by corrupt or fraudulent means, or unless it is so manifestly wrong and prejudicial to the public interest as to create the conviction that it could only have resulted from a palpable disregard of official duty. *Platter* v. *Board, etc.*, 103 Ind. 360, and cases cited; *Crow* v. *Board, etc.*, 118 Ind. 51; *Sheidley* v. *Lynch*, 95 Mo. 487 (24 Am. & Eng. Corp. Cases, 520).

County commissioners may be enjoined, like other corpo-rate officers, from wasting public funds in doing that which the law gives them no authority to do, or from proceeding in a manner contrary to that prescribed by law, but when they are exercising a discretionary power, according to the method prescribed, their judgment can not be questioned merely on the ground of expediency or propriety. *City of Richmond* v. *Davis*, 103 Ind. 449.

If the county board, in the honest exercise of its discre-tion, determined that the old court-house was insufficient or insecure, and that the public interests would be best sub-served by the erection of a new one, and if they were pro-ceeding to carry out that determination in the manner pointed out by statute, their proceedings were not subject to judicial restraint. There is nothing in the record before us to over-

throw the presumption that the board was proceeding in good faith and according to law.

It is true it is averred that the old court-house was in all respects sufficient, and that the object of the commissioners in proceeding to erect a new one was merely to promote the interests of the architects, who were to receive a specified percentage of the contract price. These averments fall far short of tendering an issue of fraud or corruption, or bad faith.

They only show that the public officers charged with the responsibility of acting under the sanction of their official oaths, entertained one opinion, while the complainants, as taxpayers, took a different view of the matter. The averment that the commissioners were acting merely in the interest and for the benefit of the architects is not the averment of a fact. It is the bare statement of a conclusion, without any facts for a foundation to rest upon. The statute requires the commissioners, as a condition precedent to the letting of any contract for the construction of a court-house, to adopt plans and specifications. We know, judicially, that these can only be prepared by an architect skilled in designing, and possessed of a practical knowledge of building ; and we take notice of the fact, too, that the architect whose plans and specifications are adopted customarily receives a commission on the cost of the work as compensation for preparing the plans and for superintending the construction of the work, and seeing that the building is erected in conformity with the plans and specifications.

The objection upon which the second proposition rests is equally unavailing. It is true, as we have already seen, the statute, section 4243, R. S. 1881, provides that it shall not be lawful for any board of commissioners to make any contract for the construction of a court-house until plans and specifications have been adopted, and deposited in the office of the auditor of the county. It does not follow, however, that in case plans and specifications are adopted in which the commissioners reserve the right to make alterations in the

plans or in the details of construction, and to adjust the price in the proportion that the alterations bear to the contract price of the whole work, the statute requiring the adoption of plans and specifications is thereby disregarded. Certain definite plans and specifications have been agreed upon and adopted, and deposited with the county auditor for inspection, so that every contractor who desires to submit proposals may know precisely upon what to base his estimates. All that the reservation means is that in case the commissioners should see fit to add something to the general plan at one place, or omit something at another, the contract price should be increased or diminished proportionally. No prudent individual would make a contract for the construction of a building of any magnitude without incorporating a provision, somewhere, making specific and definite arrangements concerning extra work. The provision in question seems to be of that character. There was no error.

The judgment is affirmed, with costs.

Filed May 14, 1890.