Neil *v.* Turner—77 Ind. App. 78.

---

NEIL ET AL. *v.* TURNER ET AL.

[No. 10,075.   Filed November 25, 1919.   Rehearing denied March 12, 1920.   Transfer denied December 7, 1921.]

1. MUNICIPAL CORPORATIONS.—*Public Improvements.—Action to Set Aside Assessment Roll.—Answer.—Sufficiency.—Statutes.*— In an action by property owners to set aside the assessment roll for a street improvement and to enjoin the enforcement thereof, where plaintiffs were not seeking to set aside the contract or enjoin its performance, but predicated their right of action, in part, on the contractor's failure to comply with the contract, plans and specifications, it was proper for the trial court to sustain a demurrer to an answer drawn under §8710 Burns 1914, Acts 1909 p. 412, providing that any suit to enjoin the performance of such contracts must be brought within ten days from the time the contract is executed.  p. 84.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.—Action to Set Aside Assessment Roll.—Answer.—Sufficiency. — Contractor's Bond.*—In an action by property owners to set aside the assessment roll for a street improvement and to enjoin the enforcement thereof, where the complaint alleged failure to comply with the contract, plans and specifications, it was no defense that the contractor had given a bond to the city requiring it to keep the street in repair, as such bond would not protect plaintiffs as to faulty construction or materials.  p. 84.

3. MUNICIPAL CORPORATIONS.—*Public Improvements.—Action to Set Aside Assessment Roll.—Allegations of Fraud.—Sufficiency.* —In an action by property owners to set aside the assessment roll for a street improvement and enjoin enforcement, *held* that it was not error for the trial court to overrule defendant's motion to make the complaint more specific by requiring plaintiffs to set out the acts constituting the fraud of which complaint was made.  p. 85.

4. APPEAL.—*Review.—Conclusions of Law.—Exceptions.—Effect.* —An exception to the correctness of conclusions of law proceeds upon the theory that the facts upon which the conclusions were based were fully and correctly found, but that no fact

or facts have been found by the court upon which the conclusions may be legitimately based. p. 85.

5. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Action to Set Aside Assessment Roll.*—*Conclusions of Law.*—*Findings.*—*Sufficiency.*—In an action by property owners to set aside the assessment roll for a street improvement, *held* that the findings were sufficient to sustain conclusions of law that the work was accepted without authority of law; that the assessment roll was illegal and void and should be set aside; that the assessments were void and should be set aside and the collection thereof enjoined; that the action of the board of public works in adopting the primary assessment roll and all subsequent acts based thereon were void; and that such conclusions of law are sufficient to support a decree setting aside the assessment roll and enjoining the enforcement thereof. p. 86.

6. APPEAL.—*Review.*—*Harmless Error.*—*Conclusions of Law.*—That part of the conclusions of law are erroneous will be deemed harmless, where the judgment or decree is not based upon the conclusions which are erroneous. p. 86.

7. APPEAL.—*Briefs.*—*Sufficiency.*—*Points and Authorities.*—The statement in appellants' brief under points and authorities: "The court erred in overruling appellants' motion for a new trial. (a) The decision of the court is not sustained by sufficient evidence. (b) The decision of the court is contrary to law. (c) An assessment roll prepared by the city without property owners having any part in such preparation, is not proper evidence of the title to plaintiff to the property contained in said assessment roll"—is not in compliance with Rule 22, cl. 5, of the Appellate Court, and is insufficient to present any question for review. p. 88.

From Parke Circuit Court; *Henry Daniels,* Judge.

Action by William Turner and others against James A. Neil and others. From a judgment for plaintiffs, certain defendants appeal. *Affirmed.*

*Maxwell & McFadden* and *Davis, Moore, Cooper, Royse & Bogart,* for appellants.

*Charles C. Whitlock* and *White & Henderson,* for appellees.

*Guy Colerick* and *Henry G. Hogan, amici curiae.*

ENLOE, J.—This was an action brought by appellees William H. Turner, et al., against the appellants and

Harry S. Montgomery, Charles P. Mancourt and George Ehenhardt, constituting the board of public works of the city of Terre Haute, Indiana, and also against Frank A. Kattman, as city civil engineer, wherein plaintiffs asked to have a certain assessment roll for the improvement of a certain street in the city of Terre Haute, set aside, and that defendants be enjoined from attempting to collect or enforce the same, etc.   The auditor of said city, and the treasurer of Vigo county as being *ex officio* treasurer of said city were also made parties defendant.

The amended complaint, with the exhibits thereto, as copied in the record, fills about 100 pages and is entirely too lengthy to be set out in this opinion.

The complaint contains among others, the following averments, in substance:   That on January 17, 1914, the said board of works adopted improvement resolution No. 30, 1914, for the improvement of College avenue, said city, from the east line of First street to the west line of Twenty-first street by curbing the uncurbed portions of the sidewalks thereof with oolitic curbing and by grading and paving the roadway thereof with reenforced macadam in accordance with the profile, details, drawings, and specifications on file in the office of the department of public works of such city, and providing that the cost of said improvement should be assessed upon the real estate abutting on parts and portions of said College avenue to be improved under that resolution, as shown on said drawings and specifications, all according to the method and manner provided for in an act of the general assembly of the State of Indiana, entitled "An Act Concerning Municipal Corporations" approved March 6, 1905, and an act amendatory thereof and supplementary thereto; and providing that all proceedings had, and work done in

the making of said improvement, assessment of property, collection of assessments and issuance of bonds therefor should be as provided for in said above entitled act.

It further appears that at the same time the said board adopted a further order and made the same record in the records of the city office, said order being as follows: "Absolutely no remonstrance will be considered by the Board of Public Works or the Council, which has agreed to pass the necessary ordinance over the heads of remonstrators, if any."

It further appears that thereafter said board, on February 3, 1914, in regular session, approved said improvement resolution No. 30, and caused notice to be published of that fact, and of the time and place when said board would hear remonstrances concerning same, and that on February 14, 1914, said Kattman, as city civil engineer, filed with said board his estimate of the cost of said improvement, fixing the same at $58,000.

It further appears that on March 9, 1914, said board finally confirmed the said improvement resolution, as adopted, and ordered said work advertised for bids, and that thereafter on April 27, 1914, the work of improving said College avenue, under said resolution was let and awarded to Neil-David Construction Company. That on May 4, 1914, said construction company, which was in fact a partnership composed of James A. Neil, Elias W. David, James D. Hill, and Frank O. Hodson, the appellants herein, entered into contract with said city of Terre Haute, by and through its said board of public works, wherein and whereby said construction company agreed and undertook to—"make said College Avenue Improvement undersaid Improvement Resolution No. 30, in a good, firm, substantial and workmanlike manner and strictly in accordance with the plans,

specifications, requirements and conditions of said improvement resolution and contract."

There were further allegations in the complaint that said work was not done and performed in accordance with the terms of said contract, and said plans and specifications; that the materials did not conform to said specifications; that the pavement was not of the thickness required; that he had not curbed the uncurbed portions as required by his contract; that the catch-basins and manholes had not been constructed according to contract. It also alleged that said improvement as constructed, was of no value. There were many other alleged deficiencies in said work and of failure by said appellant to comply with this said contract.

Said complaint further alleged that said board of public works, and said city civil engineer, at all times well knew each and all of said facts, and that said work was not being done, and was not done according to the plans, specifications and contract entered into by said board of public works with defendants, appellants herein.

That although he well knew the facts, the said city civil engineer accepted said work, and said board, well knowing all the facts, ordered an assessment roll prepared for same, which was done by said engineer, who filed the same with said board, which adopted and approved the same, and ordered notice to be given property owners, notifying them that the board would be in session at its office in the city hall building, at the northwest corner of Fourth and Walnut streets, in the city of Terre Haute, Vigo county, Indiana, from two to four o'clock p.m. on Thursday, August 27, 1914, to hear objections to the confirmation of the final assessment roll of said street.

That on August 27, 1914, the said board met at the time and place as set forth in said legal notice, and the

plaintiffs herein, together with other property owners on said street appeared before said board and remonstrated and objected to the acceptance of said street and the confirmation of said final assessment roll; that the said board at said time, after hearing said remonstrance and objections, adjourned at 4 p.m. on said day; that thereafter at 4:05 p.m. on said day said defendant board met in special session with all the members present and arbitrarily and fraudulently accepted said street and said assessment roll on said street and adopted said roll as filed by said city civil engineer in all things, and confirmed the same and turned said assessment roll over to the department of finance of said city; that thereafter on said August 27, 1914, one of the duplicates of said assessment roll was delivered by said department of finance of said city to said defendant Thomas J. Bailey, *ex officio* city treasurer, for the purpose of placing a lien against said property of said plaintiffs and other property owners so situated on said street.

That by the terms of said contract and specifications as aforesaid, the total contract price for said work as fixed by said contract was $55,997.50; that the assessment roll so arbitrarily made, adopted and confirmed by said board was for the total sum of $64,563.60.

There was a prayer that the acceptance of said work be set aside and held for naught; that the adoption, approval and confirmation of said assessment roll be set aside as against plaintiffs and other property owners similarly situated; and that the defendants be enjoined from enforcing or attempting to enforce said assessment roll.

To this amended complaint, after the court had overruled a motion to make the same more specific, a demurrer was interposed, which was also overruled, and the defendants then filed answer in three paragraphs; viz.: (1) General denial; (2) matter in estoppel, and

the defendants who are now appellants filed a third paragraph of answer, alleging the giving of a bond by them as contractors, to the city of Terre Haute, which had been duly accepted, and that by reason thereof, neither the plaintiffs nor any of them had or will suffer any damage by reason of any defects in said work, as alleged in said complaint.

To these affirmative paragraphs of answer, demurrers were interposed and sustained by the court, and these rulings, in so sustaining said demurrers, are the first alleged errors presented for our consideration.

The said second paragraph of answer was drawn under the provisions of §8710 Burns 1914, Acts 1909 p. 412, providing that any suit to enjoin the performance of such contracts must be brought within ten days from the time the contract is executed.

1. This paragraph of answer was not addressed to the theory of the complaint. The plaintiffs were not seeking to set aside said contract, or enjoin the performance thereof; they were complaining, in part, because said contract had not been complied with, as to the manner in which said improvement was to be constructed. The court did not err in sustaining this demurrer.

As to the third paragraph of answer—If said improvement had not been constructed according to contract, and of the kind, quantity and quality of materials therein specified, the property holders would not receive that for which they paid.— 2. The conditions of the bond required the contractors to keep the same in repair, and would protect the city as to the maintenance and repairs of the work for the time specified, but did not protect the property holders as to the faulty construction, or materials. There was no error in sustaining this demurrer.

It is next urged that the court erred in overruling de-

fendant's motion to make complaint more specific, by requiring the plaintiffs to set out the acts and
3. facts constituting the fraud complained of in accepting said work as completed, and in approving of said assessment roll.

In the case of *Alsmeier* v. *Adams* (1914), 62 Ind. App. 219, 233, 105 N. E. 1033, the court said: "While fraud in terms is not charged in the complaint, the facts averred show a radical and apparently inexcusable departure from the kind of sewer specified in the contract; materially defective work in the actual construction; * * * and an arbitrary acceptance of the work by the board, with full knowledge of all the facts and for the express purpose of relieving the contractor. Such facts, with others pleaded, are sufficient to constitute a charge of constructive fraud, or fraud in law. It is only in proceedings to which §21 of our statute of frauds (being §7483 Burns 1914, §4924 R. S. 1881) is applicable that fraud or fraudulent intent must be directly averred as a fact."

The court did not err in overruling said motion to make said complaint more specific.

It is next urged that the court erred in its several conclusions of law.

An exception to conclusions of law that the same are erroneous proceeds upon the theory that the facts of the case upon which the same were based were
4. fully and correctly found, but that no fact or facts have been found by the court upon which such conclusions may be legitimately based. *Ray* v. *Baker* (1905), 165 Ind. 74, 74 N. E. 619.

We therefore next proceed to consider the facts of this case as found by the court.

These findings are quite lengthy and cover each and every material fact of the case, as alleged in the complaint, and no good purpose would be served by our set-

ting them out in full. It is found, among other things, that said contract was not performed and completed according to the plans and specifications thereof; that the materials furnished and used in said work were not of the character specified, and were of inferior character and quality; that the workmanship was of inferior quality; that the acceptance and approval of said work by said board of public works and said engineer was a fraud in law upon plaintiffs, and if the same were allowed to stand the plaintiffs would sustain irreparable injury, etc.

There was a decree canceling and setting aside the said assessment roll complained of, and enjoining the defendants from attempting to collect all or any part thereof, as against the property of the plaintiffs or any of them, and that plaintiffs recover their costs.

It is the law that when some of the conclusions of law are erroneous, they will nevertheless be deemed to be harmless, if the judgment or decree is not founded upon such erroneous conclusions. *Coburn* v. *Sands* (1897), 150 Ind. 141, 48 N. E. 786, and we therefore now proceed to examine the conclusions of law to see if there are any valid ones, upon which the decree of the court as aforesaid could be founded.

The fourth, sixth, seventh, twelfth and fourteenth conclusions of law were as follows:

"IV.—That the work of construction as done and completed, which was accepted by the city civil engineer and the then board of public works of the city of Terre Haute, Indiana, was so accepted without authority, and the act was, and is illegal and void in law.

"VI.—That the assessment roll, which was approved and adopted by the then board of public works of the city of Terre Haute, Indiana, and which created a lien

on the lots and parcels of land of the several plaintiffs, was and is illegal and void in law, and should be set aside and declared of no force and effect in law.

"VII.—That the said several assessments, and each of them, and the liens created thereby, on the lots and parcels of land of the several plaintiffs and each of them, are illegal and void, and should be set aside, and the defendants should be perpetually enjoined from enforcing or attempting to enforce the collection of all or any of the assessments.

"XII.—That the action of said, the then board of public works of the city of Terre Haute, Indiana, in adopting the primary assessment roll, and all and every of the subsequent acts thereon, were and are, as to all the plaintiffs, of no force and effect in law and void.

"XIV.—That the defendants and each of them should be and they are, hereby perpetually enjoined, from collecting or attempting to collect, all or any part of the assessment roll, as against the property of plaintiffs or any of them."

It is the opinion of this court that the findings were sufficient to sustain the foregoing conclusions of law, and that said conclusions are, independently of any other conclusions, sufficient to support said decree.

It also therefore follows, that there was no error in overruling appellant's motion for a *venire de novo.*

The motion for a new trial was filed by the appellants who were the several individuals composing the partnership which did the said work as contractors.

The motion contains sixty-eight specifications of reasons for a new trial, some of which are valid reasons for a new trial, but many of which are not. However, each and all of said reasons, so specified, challenge, or attempt to challenge the sufficiency of the evidence to support the several special findings.

In their brief filed herein, as touching causes men-

tioned in the motion for a new trial, under "points and authorities" the appellants say:

7.    "The court erred in overruling appellant's motion for a new trial—(a) The decision of the court is not sustained by sufficient evidence. (b) The decision of the court is contrary to law. (c) An assessment roll prepared by the city without the property owners having any part in such preparation, is not proper evidence of the title of the plaintiff to the property contained in said assessment roll."

This statement was not a compliance with clause 5 of Rule 22 of this court, and is insufficient to present any question for our consideration. *Evansville, etc., R. Co.* v. *Hoffman* (1917), 67 Ind. App. 571, 118 N. E. 151. Moreover the objections taken in clause (c), *supra,* was not embodied in the motion for a new trial and therefore had no proper place in said brief.

However, considering the importance of this case, the writer of this opinion has read the record herein in its entirety, and from the record we discover among others, the following facts, viz.:

That the improvement resolution, adopted by the board of public works, January 17, 1914, provided for the improvement of the street in question, "by curbing the uncurbed portions of the side-walk thereof, with Oolitic curbing, and by grading and paving the roadway thereof with reinforced macadam;" that at the same time said board also resolved; "absolutely no remonstrance will be considered by the board of public works, or the council, which has agreed to pass the necessary ordinance, over the heads of the remonstrators, if any, so adopted by the board." That on February 3, 1914, said board of public works adopted said street improvement resolution, and ordered the same advertised; that at a meeting of said board held February 20, 1914, the city civil engineer submitted his estimate of the cost of

said work, to said board, as follows: "No. 30, College Avenue, 1st to 25th Street, fifty-eight thousand Dollars;" that thereafter said board caused to be published a notice to contractors, inviting proposals for doing said work, under said improvement resolution, by curbing the uncurbed portions of the side-walk thereof with oolitic curbing, and by grading and paving the roadway thereof with re-enforced macadam; that thereafter on April 28, 1914, the said board awarded the said contract for said improvement to Neil-David Construction Company, which afterward filed its construction bond and maintenance bond, to the approval of said board; that on August 19, 1914, the said board of public works and city civil engineer examined and inspected said work of improvement of said street, and accepted the same, and said board ordered assessment roll prepared for same; that on August 20, 1914, said assessment rolls were filed with the said board, which ordered notice to be given of that fact; that on August 25, 1914, the city civil engineer reported to said board that the work of said improvement had been fully completed, "according to terms and stipulations of said contract," and that the total cost thereof was $64,515.66; that August 27, 1914, was the day fixed by said board in its published notice, as the time for hearing objections to the adoption and confirmation of said assessment roll, and the board on said day, after hearing objections, adjourned at 4 o'clock p.m. of said day; that thereafter, on said day at 4:05 p.m. said board met in special session, with all the members present, overruled all objections, and confirmed said assessment roll, and ordered the same turned over to the department of finance; that the contract, as entered into between said board and said contractor provided, among other things, as follows: "Upon the sub-grade prepared as hereinbefore specified and approved by the engineer or his deputy, shall be placed a

layer of reinforced gravel macadam *with Portland Cement Binder* having a uniform thickness after being thoroughly compacted of six inches."

During the time these improvements were being made, Frank A. Kattman was city civil engineer of the city of Terre Haute. He was called as a witness by plaintiffs, and testified among other things: That he did not prepare the original plans for the improvement, that the plans were brought to his office by the mayor who told him how they wanted the concrete street built; that he did not agree with the plans and tried to argue the matter with the board of public works, which after a consultation with the mayor, said it was the kind of concrete improvement they wanted; while the work was in progress the board of public works were along there on several occasions; that private property, on one side of said College avenue, between said First and Twenty-fifth streets, for an entire block, (about 360 feet) did not have a dollar assessed against it, for this improvement.

This entire matter looks bad. One cannot help, after reading the record, being impressed with the idea that the mayor and board of public works of the city of Terre Haute, deliberately set about, in defiance of the rights and wishes of the property owners, by concealing their true purpose, to make an improvement of a kind not wanted by said owners. They forgot that as officers of said city they were simply "stewards" for the people, and that, "It is required in stewards, that a man be found faithful" to his trust.

When we consider that the estimate by the engineer fixed the cost of all this work at $58,000; that the contract, plans and specifications did not specify the number of lineal feet of curbing required; the number of sewer connections to be put in; the number of gas laterals to be put in; the number of water laterals to be

put in, and their many other uncertainties, we are led to exclaim, "Surely there was method in their madness," for in this way they strove to evade the statute which says: "And no contract shall be let under such resolution which shall exceed such engineer's estimate." (§8710 Burns 1914, *supra.*)

While some of the findings of fact herein are not legally valid, as such, enough facts are found, and there is abundant evidence in the record to support such findings, and the findings are sufficient to sustain the necessary conclusions of law, and the judgment herein.

The judgment of the Parke Circuit Court is therefore affirmed.