MURRAY *v.* ZOOK.

[No. 26,275.   Filed December 15, 1933.]

*Lee J. Hartzell* and *Claude Cline*, for appellant.

*Herman Haskins* and *Harry Groat*, for appellee.

*Herman L. Seeger*, amicus curiae.

HUGHES, J.—This is an action by the appellant, who is the owner of real and personal property in Milford Township, LaGrange County, seeking an injunction against the appellee, James E. Zook, as auditor of LaGrange County from extending on the tax duplicate of said county any assessment of taxes against the property of the appellant or that of any other person in said township in excess of an amount as determined by a rate of $1.50 thereon and that he be enjoined from delivering to the treasurer of said county the tax duplicate bearing any assessment against plaintiff's property or the property of any other taxpayer in said township at a rate greater than $1.50 per hundred for each one hundred dollars of valuation thereof.

It appears from the allegations of the complaint that the Tax Adjustment Board of LaGrange County fixed the rate in said Milford Township at the rate of $2.06 for each one hundred dollars of valuation of property. That said rate was fixed pursuant to the following resolution of October 10, 1932:

"The Tax Adjustment Board of LaGrange County, State of Indiana, determines by unanimous votes of the members thereof that an emergency exists for a total levy in excess of rate of $1.50 including the State tax levy upon the property of Milford Township for which the property therein is taxable for the year 1932, payable in 1933. Said emergency being on account of the tuition fund in the sum of twenty cents and the special school fund in the amount of fifteen cents. After considering the facts in said case they honestly believe

that it will be impossible to run the schools according to required standards if said township is held to the $1.50 tax limit. The Board also finds that an additional amount of poor relief is necessary in the Township of Milford and already owe the County of LaGrange a large debt for funds advanced in the poor relief fund which cannot be reimbursed to the County.

"Therefore the Tax Adjustment Board fixes the tax levies for the various funds in Milford Township for which the property in such taxing districts is taxable as is necessary to meet any emergency. Said vote to be apportioned as follows:

Township Fund 6 cts; Special School Fund 46½ cts; Tuition Fund 41½ cts; and Township Poor Fund 20 cts. Total of all levies 1.14. For Township Road Bond Redemption Fund 38 cts.

"This Tax Adjustment Board of LaGrange County, State of Indiana, by a unanimous vote of members thereof now determines that an emergency exists for a total levy in excess of $1.50 tax rate including the state tax levy upon the property in the municipal corporation of Milford and twelve others for which the property therein is taxable, the board now fixes such tax levy thereon and apportions the same among the different municipal corporations for which no property in such taxing district is taxable as is necessary to meet such emergency as follows:

Milford—State .15; County .39; Township $1.52; Total $2.06."

It is the contention of the appellant that no emergency was shown to exist within the purview of Chapter 10 of the Special Session of 1932 of the General Assembly of the State of Indiana (§§15892-15895, Baldwin's Ind. Ann. Stat. 1934), and that therefore the rate in excess of $1.50 per hundred for each one hun-

dred dollars of valuation thereof is void and of no effect.

The appellee filed a demurrer to the complaint and set out four reasons why it should be sustained; the fourth reason being, "that the complaint does not state facts sufficient to constitute a cause of action against the defendants collectively nor against either one of them separately and severally." We will consider the fourth reason as this is the only one that appellee has set out any memorandum and apparently the only one he relies upon.

The court sustained the demurrer; the appellant refused to plead further, and the court rendered judgment for appellee.

Two errors are relied upon for reversal as follows: (1) The court erred in sustaining the demurrer of appellees, separately and severally, to the complaint; (2) the court erred in rendering judgment for the appellees, separately and severally, upon refusal of appellant to plead further.

Section 3 of Chapter 10 of the Acts of General Assembly, Special Session, 1932 page 17 (§15894, Baldwin's 1934), provides: "That the total of all tax levies on property within any municipal corporation for all municipal corporations for which the property therein is taxable shall not exceed the total rate of one dollar and fifty cents on each one hundred dollars of taxable property therein, except as hereinafter provided."

Section 4 of said Act (§15895, Baldwin's 1934), provides as follows:

"There shall be created in each county of the State of Indiana, a county board of tax adjustment to consist of the county auditor, three members of the county council, to be selected by such council, and three members to be appointed by the judges of the circuit court of such county, such members other than the auditor, to serve for one year from

the date of their selection, which shall be made on or before the first day of September in each year. The members of such board shall serve without pay. Such county board of tax adjustment of each county shall hold a meeting in the office of the county auditor on the Third Monday of September of each year and at such meeting the county auditor shall inform such board of the tax levies fixed by the proper officers of each municipal corporation in such county for the ensuing year and (such) board shall have the power to, and it shall be its duty to revise, change, and if necessary reduce the tax levy of any and for all of such municipal corporations so that the total levy on property within any municipal corporation for all municipal corporations for which the property therein is taxable, including said state (tax) levy, shall not exceed the total of one dollar and fifty cents for all such corporations; *Provided, however,* That if such board by a vote of at least five members thereof shall determine that an emergency exists for a total levy in excess of said rate of one dollar and fifty cents, including said state tax levy, upon the property in any municipal corporation for all municipal corporations for which the property therein is taxable, then such board shall have the power to fix such a tax levy therein and apportion the same among the different municipal corporations for which the property in such taxing district is taxable as is necessary to meet such emergency, though the total rate so fixed shall exceed the rate of one dollars and fifty cents on each one hundred dollars;

*"Provided, also,* That if such county board of tax adjustment shall fix a total aggregate rate in excess of said one dollar and fifty cents for all the taxing districts or municipal corporations which the taxpayers of any taxing district shall be required to pay, then any ten taxpayers of such municipal corporation or taxing district who owns property which will be subject to such rate in excess of said one dollar and fifty cents, including the state tax, may appeal therefrom to the state board of tax commissioners by filing within ten days thereafter a petition with the county auditor of the county in

which such order is effective, setting forth their objections to such order and tax levy.

"Such auditor shall immediately certify a copy of such petition to said state board of tax commissioners, who shall have the power to affirm or decrease said total levy and any part thereof and in case of any decrease, to apportion such decrease among the various levies comprising such total levy.

"Said state board of tax commissioners shall act on said petition only after a public hearing, held in the county if requested by such petitioners, from which said appeal is taken, notice of the time and place (of) which hearing shall be given at least five days prior to the date thereof to the executive officers of each taxing district affected and to the county auditor and to the first ten persons whose names appear on said petition, which notice shall be signed by at least one member of said state board of tax commissioners and forwarded by United States mail with the postage prepaid.

"That if such county board of tax adjustment shall revise, change or reduce any such levy as first fixed by the proper officers of any such municipal corporations, such levy as so revised, changed or reduced shall be the only levy or rate upon which taxes shall be collected for such ensuing year for such municipal corporations, unless the same shall be changed and reduced by said state board of tax commissioners as herein provided, in which case the levy as fixed by said state board of tax commissioners shall be the only levy or rate upon which taxes shall be collected therein."

The first clause of the foregoing section provides, "That *if* such *board* by a vote of at least five members thereof *shall determine* that an emergency *exists* for a total levy in excess of said rate of $1.50, including said state tax levy, upon the property in any municipal corporation for all municipal corporations for which the property therein is taxable, such board shall have the power to fix such a tax levy . . . as is necessary to meet such emergency, though the total rate so fixed

shall exceed the rate of $1.50 on each one hundred dollars."

The bone of contention, as presented by the appellant, is concerning the word "emergency" as used in the foregoing section. As used, what does it mean, and who has the final authority to determine whether the emergency exists? Does the county board of tax adjustment, where there is no fraud shown, have the exclusive and final power to determine whether an "emergency" exists, or does the court have the right to review and determine this question?

This question is not free from difficulty, but after a close study and reading of the act in conjunction with other laws of our state, and the construction placed upon them by the courts of our state, we believe that the construction we now give to the questions involved is sound and in conformity to our law.

In the case of *State ex rel. John A. Kautz* v. *Board of Commissioners of Howard County* (1933), 204 Ind. 484, 184 N. E. 780, this court considered and construed what is known as the County Council Act, Sec. 5882, Burns 1926, relative to an "emergency" as provided in said section. This section provides: "If at any time after adjournment of the regular annual meeting in September an *emergency* should *arise* for further appropriation, for any purpose for which the council is authorized to appropriate by this act, such further appropriations may be made at a special meeting of the council . . ." Section 4 of the Acts of 1932 as above set out provides: "That if such board by a vote of at least five members thereof *shall determine* that an *emergency exists* . . ." and not as provided in section 5882, Burns 1926 (§5385, Baldwin's 1934), "if . . . an emergency should arise . . . such further appropriations may be made . . ."

In the Howard County case, *supra,* the court said:

"It will be noted that the section last quoted provides that, if 'an emergency should arise,' the council is authorized to appropriate. In this respect the statute differs from section 12068, Burns 1926 (§16107, Baldwin's 1934), which provides that township advisory boards may *determine* whether an *emergency* exists."

What this court decided in the above case was that under a statute which merely authorizes action in case "an emergency should arise," and which statute makes no provision for a determination of the fact of an emergency by the board, the determination by the board would not be final.

In the instant case there is the express provision that if such board by a vote of at least five members shall determine that an emergency exists for a levy of more than $1.50, then such board shall have the power to fix such a tax levy to meet such an emergency, though the total rate be more than $1.50. The power is here given the county adjustment board to determine whether or not there is an emergency. If the rate is fixed at more than $1.50, then any ten taxpayers, who own property subject to the tax, may appeal to the state board of tax commissioners and this board may affirm or decrease said total levy or any part thereof after a public hearing held in the county, if requested, from which said appeal is taken. When an appeal is taken to the state tax board, a full determination may be had on the question of an "emergency" and if said board finds that there was no emergency it has the right, and it would be its duty, to reduce the rate to $1.50 or less.

In the instant case, as appears from the complaint, more than ten resident taxpayers of Milford township appealed from the decision of the county adjustment board to the state board of tax commissioners as provided by law and asked for a review of the levies as

fixed and entered by the local board and that said levies and rates be reduced to one dollar and fifty cents per hundred dollars valuation; that the said state tax board refused to change said levies and rates and certified the same back to the auditor of LaGrange county as fixed by the county board.

It is significant to note that the act in question makes no provision for an appeal other than to the state board of tax commissioners. The people and the taxpayers, through their duly elected representatives, enacted this law. In order to safeguard their interests as taxpayers they first set up a county board of adjustment to consist of seven members—the county auditor, three members of the county council, and three members to be appointed by the judge of the circuit court. This board has the power to examine the tax levies as fixed by the proper officers of each municipal corporation in the respective counties of the State and to revise, change, and reduce the tax levy so that the total levy will not exceed $1.50 per hundred unless they find that an emergency exists for a higher levy. It must be presumed that the sworn members of this board will do their duty honestly, faithfully, and in the interest of the taxpayers. This was evidently the theory of the legislature when the law was enacted. However, the legislature saw fit to throw another safeguard around the taxing public and provided an appeal to the state board of tax commissioners upon the petition of ten taxpayers who own property which will be subject to a rate greater than $1.50. Here, again, it must be presumed that this board will discharge its duty honestly and faithfully toward the taxpayers and the public generally.

The legislature provided these two boards to safeguard the taxpayers and, when they have acted and

have made a final determination of the tax levy, in our judgment, their action is final, unless it be shown that said tax levies were fraudulently and dishonestly fixed by said boards. These boards may err in their judgment in fixing the levy—all men do not see alike and come to the same conclusion, but as long as there is no fraud or corrupt motives in the fixing of the levies the judgment of the members of the board must be accepted.

The case of *Wilkins* v. *Newkirk, Trustees* (1926), 85 Ind. App. 663, 155 N. E. 516, was an action to enjoin the trustee and advisory board of Madison school township, Montgomery county, Indiana, from issuing and selling bonds and from levying taxes for the construction of an addition to a schoolhouse. The appellants contended that the appellees were attempting to declare an emergency in the face of the facts. The court said: "That is not a question for the courts to determine. The statute expressly gives the determination of this question to the advisory board and no right of appeal therefrom. As was said in *Follet* v. *Sheldon, Treas.* (1924), 195 Ind. 510, 144 N. E. 867: "The Statute under consideration clearly leaves it to the advisory board to determine whether an emergency exists to issue bonds for a new school house, and, of course, the courts could not decide that question." In the instant case, section 4 of the act in question, in our judgment, gives the determination of the question of an emergency to the county board of adjustment, subject only to review by the state board of tax commissioners.

It is the contention of appellant that the facts as set forth in the finding of the county adjustment board do not show such an "emergency" as was contemplated by the act of the legislature. We cannot agree to this contention. It was the prerogative of the county adjustment board to determine whether there was an emer-

gency to fix the rate in excess of $1.50 and, upon the facts found, they determined that there was an emergency, and there is no allegation in the complaint of appellant that the board acted fraudulently or dishonestly in the fixing of the rate.

In the case of *Garrigus* v. *Board* (1901), 157 Ind. 103, 60 N. E. 948, the plaintiff brought an action against the board of commissioners to recover for services of expert accountants in examination of certain public records; the plaintiff had submitted a certain proposition to the board which was accepted and the record of the board stated that an indispensable public necessity existed for the employment of the said expert accountants. The section of the statute relied upon was section 39, Acts 1879, pp. 130, 142, which provided: "The board of county commissioners shall, unless in cases of indispensable necessity, to be found and entered of record as part of its orders, make no allowance . . ." Under this section the court held that an order of the board of commissioners which states that in the judgment of the board an indispensable public necessity exists for the employment of experts, is sufficient without stating the facts constituting the necessity.

The tax law of 1932, and known as the one dollar and a half tax law, must be considered in conjunction with the other tax laws of the State and when this is done, we are clearly of the opinion that it is for the local board and, on appeal, the state board to determine the question of an emergency and, where there is no fraud or bad faith shown, their determination is final and the courts have no power to intervene.

Section 14239, Burns 1926 (§15735, Baldwin's Ind. Ann. Stat. 1934), provides for the budget, establishment of the tax levies in the different municipal corporations, and the right of appeal to the state board of tax commissioners. It provides that ten or more taxpayers

in any municipal corporation who feel aggrieved with any tax levy may file a petition with the county auditor setting forth their objections to said tax levy. Upon the filing of such petition the county auditor shall certify a copy of such petition to the state board of tax commissioners who shall have the power to affirm or decrease said total tax levy thereof after a hearing as provided and after the hearing upon said petition, "the state board of tax commissioners shall thereupon certify its action with respect thereto to the auditor of the county who shall thereupon certify such action to the tax units or units interested therein, and the action of the state board of tax commissioners with respect to said tax levies and such parts thereof as may have been in question shall be *final* and *conclusive*."

Clause 5 of section 4 of the Acts of 1932 (§15895, Baldwin's 1934), provides that if the county board of adjustment shall revise, change, or reduce any levy as first fixed by the proper officers of any municipal corporation, such levy as so revised, changed, or reduced shall be the *only levy* or *rate,* unless the same shall be changed by the board of tax commissioners in which case levies or rates as fixed by the said state board shall be the only *levy* or *rate* upon which taxes shall be collected.

This clause also, in our judgment, confirms the proposition that it was the intention of the legislature to give to these respective boards the final determination of the levies and rates to be made and this right can only be taken away when there is fraud or bad faith on the part of those fixing the levies and rates.

Where a statute prescribes the mode of exercising a power, the mode prescribed must be adopted. *Platter* v. *Board of Commissioners* (1885), 103 Ind. 360, 2 N. E. 544.

"If the Legislature manifests an intention to create a system for the government of any subject, it is the

duty of the court to effectuate that intention by such a construction as will make the system consistent in all its parts and uniform in its operation." *Lutz* v. *City of Crawfordsville* (1886), 109 Ind. 466, 10 N. E. 411.

In the case of *Kitchel et al.* v. *Board of Commissioners* (1889), 123 Ind. 540, 24 N. E. 366, it appears that certain taxpayers sought to enjoin the board of commissioners from proceeding to let the contract for the erection of a court house. The first reason assigned for an injunction was that there was no necessity for the erection of a new court house. The court said: "It was necessary that the power to determine when the public interest demanded that the court house in any county should be repaired or rebuilt or whether it should be superseded by a new one, should be lodged somewhere. The Legislature has seen fit to entrust that power to the board of county commissioners, and while the board acts within the discretion committed to it, there is no place for judicial interference until it is clearly shown that the commissioners are acting fraudulently or corruptly, and in violation of their duties as public officers. The law having devolved the duty of deciding in respect to the propriety of replacing the old court house with a new one upon the county board, a court cannot substitute its judgment for that of the body to whom the duty of determining the *necessity* has been committed unless it appears that the decision of the board was influenced by corrupt or fraudulent means, or unless it is so manifestly wrong and prejudicial to the public interest as to create the conviction that it could only have resulted from a palpable disregard of public duty."

There is nothing in the record in the instant case to show that either the local board or the state board were influenced by corrupt or fraudulent means; neither is it shown that the determination reached by the respective boards was so mani-

festly wrong and prejudicial to the taxpayers as to create the conviction that their determination could only have resulted from a palpable disregard of official duty.

There are no facts or allegations in the complaint to overcome the presumption that the respective boards proceeded in good faith and according to law.

Judgment affirmed.