198 P.2d 124

**HUNT et al. v. NORTON et al.**

No. 5070.

Supreme Court of Arizona.

Sept. 20, 1948.

4

Evo De Concini, Atty. Gen., and Chas. D. McCarty, Asst. Atty. Gen., for appellants.

Fred W. Fickett, William S. Dunipace and Robert S. Tuller, all of Tucson, for appellees.

UDALL, Justice.

This is an appeal by the members of the State Tax Commission of Arizona (these defendants-appellants will be hereinafter referred to as the Commission) from a judgment of the superior court of Pima County. It involves the validity of a judgment of that court, in a certiorari proceeding initiated by plaintiffs (appellees) as taxpayers, wherein there was annulled and set aside an order of the Commission authorizing the Board of Supervisors of Pima County to create liabilities in the amount of $100,000 over and above the 1947-48 county budget, as an emergency measure for recreational purposes.

The Commission's assignments of error may be summarized as follows: that the court erred first in denying its motion to quash the writ of certiorari and later in entering judgment for the plaintiff taxpayers for the reasons that it appeared from the face of plaintiffs' complaint and from the Commission's return and response to the writ that said Commission had regularly exercised the jurisdiction conferred upon it by the laws of Arizona. In support of these assignments three propositions of law are advanced:

(1) A review on certiorari is limited to the question whether an inferior tribunal, acting in a judicial capacity, has exceeded its jurisdiction.

(2) A mistake of law or fact by an inferior tribunal does not constitute an excess of jurisdiction.

(3) Where the jurisdiction of an inferior tribunal is dependent upon a stated fact situation and the inferior tribunal is specifically authorized and directed to determine whether such fact situation does exist, a finding by the inferior tribunal that such fact situation does exist is not subject to judicial review except where an appeal has been provided by law.

There is no dispute as to the first proposition of law. It is primarily the conten-

tion of the Commission that the legislature has expressly conferred jurisdiction upon it to determine whether an emergency exists, and that the courts, in certiorari proceedings, can not review the sufficiency of the evidence to determine whether such jurisdictional facts are present. If this position is sound there would seem to have been no occasion for the legislature to amend the statute, sec. 73-504, A.C.A.1939, to provide: " * * * Upon the hearing, at the request of the applicant or any interested taxpayer, a stenographic transcript shall be made of the evidence produced to establish the existence or nonexistence of the cause specified in the application. * * *" Laws 1945, ch. 98, sec. 3, p. 246.

Our constitutional and statutory provisions relative to certiorari are comparable to those of California and other neighboring states. Specifically, in this jurisdiction the writ of certiorari is authorized by sections 1 and 6 of article 6, of the constitution of Arizona, and the procedure in a case such as this is governed by Chap. 28, Art. 1, section 28-101 et seq., A.C.A. 1939. The purpose of the writ is to review the proceedings and acts of inferior tribunals, boards or officers exercising judicial, or quasi judicial, functions to determine whether their jurisdiction has been exceeded. The scope of the hearing is set forth in sec. 28-104: "Extent of review.—The review upon the writ shall not be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer."

Certiorari may be granted only when two facts appear: (a) the jurisdiction of the inferior tribunal must have been exceeded, and (b) there is neither an appeal nor a plain, speedy and adequate remedy. Sec. 28-101, A.C.A.1939. The second fact, of course, is present. The ultimate question before us then is: did the Tax Commission exceed its jurisdiction by declaring the existence of an emergency and by authorizing the expenditure of this $100,000. However, in order to answer this question we must first decide whether the trial court was entitled to examine the evidence adduced in order to determine the Commission's jurisdiction in declaring that an emergency in fact existed. Certainly the Commission cannot obtain jurisdiction merely by declaring itself to have jurisdiction. If the plaintiffs as taxpayers had no right to challenge this ruling on the part of the Commission, by going behind their order, then the judgment of the lower court should be reversed.

The best statement we have been able to find of the rules governing the matter of the courts' consideration of questions of fact in certiorari proceedings is contained in 14 C.J.S., Certiorari, § 172:

"a. *In General*

"As a general rule, questions or findings of fact in the lower court are not reviewable on certiorari, although such review

may be permitted by statute or local practice.

"The general rule is that, in the absence of statute or local practice otherwise, questions or findings of fact, in the inferior tribunal, are not reviewable on certiorari, and that evidence which is made a part of the record cannot be examined to determine whether or not it justified the findings on which the decision or judgment was made; nor will rulings on questions of fact, within the inferior tribunal's jurisdiction, be reviewed. A finding or decision of the inferior tribunal, within its jurisdiction, on facts supported by competent and substantial evidence, is binding on the reviewing court and will not be reviewed by it. * * *"

"b. *Weight and Sufficiency of Evidence*

"(1) *General Rule*

"As a general rule, the weight and sufficiency of the evidence as to the facts on which the lower court's decision or finding was based, will not be reviewed.

"*Where no jurisdictional fact is in dispute,* the review on certiorari, as a general rule, does not extend to the consideration of the probative force of conflicting testimony, and, therefore, where there is some evidence, the weight and sufficiency thereof as to the facts on which the determination below was based, ordinarily, will not be considered. * * *" (Emphasis supplied.)

"c. *Examination of Evidence to Determine Jurisdiction*

"The sufficiency of the evidence may be reviewed in determining jurisdictional facts.

"As an exception to the general rule that the sufficiency of the evidence will not be reviewed, the sufficiency of the evidence may be inquired into in determining whether jurisdictional facts were or were not proved, or whether the lower tribunal had exceeded its jurisdiction. This exception arises out of the most important office and function of the writ—the keeping of inferior courts and tribunals within proper bounds. *If the decision of the inferior tribunals as to the sufficiency of the evidence to establish jurisdictional facts was not reviewable, certiorari would be of no avail as a remedy against an assumption of jurisdiction.* For the purpose of enabling the reviewing court to determine whether jurisdictional facts were established, it may require a return to be made of the evidence on which such facts are based. * * *" (Emphasis supplied.)

Statements to the same effect may be found in the following texts: 10 Am. Jur., Certiorari, sections 3, 13 and 19; 4 Cal.Jur., Certiorari, sec. 71, p. 1110. In the footnotes to the text statements may be found numerous decisions, from many jurisdictions, supporting this principle. Typical of the statement of the exception to the

general rule are the following quotations:

"* * * It is a fair summary of the decisions of this state, dealing with the scope of statutory certiorari, to say that the evidence adduced upon the hearing before an inferior board or tribunal having limited jurisdiction may be brought up to the reviewing court upon certiorari for the sole purpose of determining whether or not, from the evidence before it, the finding of a jurisdictional fact by such inferior board or tribunal is sustainable, and if there be no evidence to sustain such decision it must be annulled * * *."

"* * * But when the board or tribunal in question has power to act only upon the establishment of a certain set of facts which necessarily form the foundation of jurisdiction, and, therefore, may be denominated jurisdictional facts, and there is no evidence whatever to show the existence of such facts, a finding by such board or tribunal that those facts do exist cannot foreclose inquiry by a court of competent jurisdiction, upon certiorari, as to whether or not the order sought to be reviewed is without any evidence to support it, or is absolutely contrary to the uncontradicted and unconflicting evidence upon which it purports to rest. * * *" Garvin v. Chambers, 195 Cal. 212, 232 P. 696, 700. See also Security-First Nat. Bank of Los Angeles v. Board of Sup'rs, 135 Cal.App. 208, 26 P.2d 862, 863; Wilde v. Superior Court of San Diego County, 53 Cal.App.2d 168, 127 P.2d 560; Bennett v. Superior Court in and for San Diego County et al., 73 Cal.App.2d 203, 166 P.2d 318; State Board of Dental Examiners et al. v. Savelle, 90 Colo. 177, 8 P.2d 693, 82 A.L.R. 1176; Crocher v. Abel, 348 Ill. 269, 180 N.E. 852.

Turning now to our own decisions in certiorari matters, while the precise question has not been previously passed upon in this jurisdiction, we find them to be in general harmony with the well recognized exception to the general rule as set forth in 14 C.J.S., Certiorari, § 172(c), supra. See: Farish v. Young, 18 Ariz. 298, 158 P. 845; Wall v. Superior Court of Yavapai County, 53 Ariz. 344, 89 P.2d 624; Batty v. Arizona State Dental Board, 57 Ariz. 239, 112 P.2d 870; Davis v. Arizona State Dental Board, 57 Ariz. 255, 112 P.2d 877; Holmes v. Osborn, 57 Ariz. 522, 115 P.2d 775; Griffin v. Denton, 61 Ariz. 454, 150 P.2d 96.

The Commission mainly relies upon two Arizona decisions, the first being City of Phœnix v. Greer, 43 Ariz. 214, 29 P.2d 1062. In that case the plaintiff recovered judgment against the City of Phœnix for damages arising from the negligence of a police officer of the City engaged in his regular line of duty. The City appealed from a judgment of the Justice Court to the Superior Court, and the Superior Court likewise gave judgment against the City. There being no appeal, the matter was

brought to the Supreme Court on writ of certiorari. This court held that even though the city was not legally liable for the tort arising out of the discharge by its officer of a governmental function (and that if the matter were before it on appeal the judgment would be reversed), still no relief could be granted on certiorari. Patently this ruling was correct as unquestionably the superior court had jurisdiction to hear and determine the action, for it had jurisdiction (a) of the subject matter, (b) of the person, and (c) to render the particular judgment (though erroneous) which it did.

"* * * The supervisory jurisdiction of the court cannot be exercised in order to review the judgment as to its intrinsic correctness, either upon the law or the facts of the case. * * *" 10 Am. Jur., Certiorari, sec. 3. See Also Griffin v. Denton, supra.

We fail to perceive how this decision in any wise sustains the Commission's position. The other Arizona case relied upon is Kenney v. Bank of Miami, 19 Ariz. 338, 170 P. 866, 868, particularly this paragraph: "* * * *If the law imposes the duty upon the board to ascertain and pass upon the facts conferring jurisdiction upon it, a finding and decision by it of the existence of those facts is final and conclusive.* But, where the law makes it an indispensable condition that a certain fact or facts exists before the board can act, and fails to clothe it with the power and machinery to find the facts, its determination is not final and conclusive. * * *" (Emphasis supplied.)

This pronouncement is unsupported by any citation of authority and the emphasized portion was held not to be controlling in that case, hence to this extent it was dicta. Unquestionably the trial court in the instant case would, under the rule actually followed in the Kenney case, have been entitled to examine the sufficiency of the evidence to determine whether necessary jurisdictional facts existed. However, even if we were of the opinion that the emphasized portion of this quotation were controlling as to the factual situation presented here, which is governed by sec. 73-504, A.C.A.1939, hereinafter quoted at length, still we are convinced that this rule is only properly applicable where a collateral attack is being made. True it is not expressly so stated in the Kenney decision, but counsel for the Commission confirm this view for they cite in support of their contention: "* * * But, as we held in Tube City Mining, etc., Co. v. Otterson, supra [16 Ariz. 305, 146 P. 203, L.R.A. 1916E, 303] wherever the right and the duty of the court to exercise its jurisdiction depends upon the decision of the question it is invested with power to hear and determine, its judgment, right or wrong, is *impregnable to collateral attack,* unless, impeached for fraud. * * *" (Emphasis supplied.) City of Phœnix v. Greer, supra [43 Ariz. 214, 29 P.2d 1064]. And, "Sec.

**351a.**—*Decision of an Inferior Court, Board or Other Tribunal.*—Whenever the jurisdiction of a court not of record depends on a fact which the court is required to ascertain and settle by its decision, such decision, if the court has jurisdiction of the parties, is conclusive, and not subject to any *collateral attack; * * *.*." (Emphasis supplied.) 1 Freeman on Judgments, Fifth Edition, p. 724.

The two Indiana tax cases of Murray v. Zook, 205 Ind. 669, 187 N.E. 890, 90 A.L.R. 321, and Payne v. Grossart, 207 Ind. 157, 190 N.E. 752, so greatly relied upon clearly involve collateral attacks upon a lower tribunal's finding of an existing emergency. Neither were certiorari proceedings.

Then, to determine whether the above-emphasized pronouncement in the Kenney case is applicable to the instant problem, we must needs therefore decide whether a proceeding in certiorari is direct or collateral. There is no dearth of authority on this point. We hold that the following quotation correctly states the law on the subject: "* * * although the finding of jurisdictional facts is conclusive on collateral attack, certiorari is not a collateral but a direct attack, and therefore under this writ the existence of the jurisdictional facts may be a subject of inquiry. * * *" 4 Cal.Jur., Certiorari, Sec. 71, p. 1112. See also Great Western Power Co. v. Pillsbury, 170 Cal. 180, 149 P. 35; Goodall v. Superior Court, 37 Cal.App. 723, 174 P. 924; Kupfer v. Brawner, 19 Cal.2d 562, 122 P.2d 268; Wade v. Scott, Tex.Civ. App., 145 S.W. 675; Freeman on Judgments, Fifth Edition, Vol. 1, sec. 307, p. 612, Van Fleet, Collateral Attack, Sec. 2, p. 4.

We hold that the trial court had the right and duty to review the sufficiency of the evidence presented to the Commission in order to determine whether jurisdictional facts existed.

The learned trial judge found, and we believe correctly so, that there was no competent evidence to support the Commission's finding that an emergency existed within the true meaning of the statute. He stated: "* * * it (the existence of an emergency) appears only by surmise or conjecture and not by the cold facts with which the Tax Commission was authorized to deal. * * *" And he held there was not present any competent evidence to establish an emergency, saying: "* * * Being unable to construct any reasonable hypothesis for the declaration of an emergency, fully satisfied that it may not rest alone upon the ipse dixit of the legislative agent. * * *"

Emergency levies are authorized by sec. 73-504, A.C.A.1939, as amended by Laws of 1945, Chap. 98, sec. 3, which section in so far as it is pertinent reads: *"Emergencies and deficits, allowance and levy—Violations—Penalty.*—In the event of epidemics or disease, or acts of God, which result in damage or disaster to the works, roads, buildings or property of a county,

city or town, or which menace the life, health or property of any considerable number of persons therein, *or in the event of any other emergency, the results of which have not been anticipated in the budget and which will require the making of expenditures or the incurring of liabilities or expenses by reason thereof during the current fiscal year, and restricted to cases where no other funds have been provided or appropriated therefor,* the governing body may present to the state tax commission in writing the facts thereof requiring the making of such expenditure or the incurring of such additional liability or expense during the fiscal year and therein specify the amount which is deemed necessary therefor * * * Such hearing shall be held by the commission or any member thereof, and persons interested may appear and present reasons either favoring or opposing the application. Upon the hearing, at the request of the applicant or any interested taxpayer, a stenographic transcript shall be made of the evidence produced to establish the existence or nonexistence of the cause specified in the application. If it appear to the commission that one or more of the causes above specified for making such excess expenditure, or incurring such excess liability, exist, it may make an order so declaring and fixing therein an amount of liability which may be incurred, or of expenditures which may be made; if it shall not so appear, the commission shall deny the application. Records of such order shall be kept by the commission and the applicant. * * *" (Emphasis supplied.)

It appears from the record before us that the Pima County Board of Supervisors in its original budget for that fiscal year had included an item of $100,000 for a recreational program, but being unable to meet the ten per cent limitation on increase of tax levies, Sec. 73-505, A.C.A.1939, amended Laws 1945, c. 98, § 4, it reduced this item in the budget, as finally adopted, to the sum of $11,000. Thus it is crystal clear at the outset that the so-called emergency wholly fails to meet the emphasized portion of the above-quoted statute, in that the recreational needs were anticipated in the original budget and a substantial appropriation was made therefor. Certainly before the Commission would have jurisdiction to declare an emergency these prerequisites must needs be met.

Furthermore it does not appear that prior to granting of the authority for an emergency levy that there had occurred in Pima County any epidemic or diseases or acts of God which had resulted in damage or disaster to the works, roads, buildings or property of Pima County, or which menaced the life, health or property of any considerable number of persons therein, nor is there a sufficient showing to support a finding of "any other emergency". At best it was merely shown that without this excess levy the county recreational program could not be continued throughout the fiscal year. Desirable as this program

doubtless is, we believe the showing made falls far short of establishing an emergency within the legal meaning of that term.

 "* * * The varying definitions of the word 'emergency' are sufficient to demonstrate that its meaning to a great extent is controlled by the circumstances under which it is used. * * * we think it clear that the proper definition of the word, as here used, must mean a *sudden, unexpected,* and *unforeseen* condition or occurrence in municipal affairs of such public gravity and exigency as to require *forthwith* municipal action * * *". (Emphasis supplied.) Mayor, etc., of Baltimore v. Hofrichter, 178 Md. 91, 11 A.2d 375, 379. See also Garvey v. Trew, 64 Ariz. 342, 170 P.2d 845.

"Emergency" does not mean expediency, convenience, or best interests. State v. Hinkle, 161 Wash. 652, 297 P. 1071.

One of the County Supervisors himself testified: "Mr. Kautenburger: The emergency exists by reason of the 10% limitation, and our inability to include this in our budget."

Chairman Hunt of the Tax Commission practically conceded, at the hearing, that no true emergency existed but nevertheless the petition was thereafter allowed by the Commission. If the limitation statute is oppressive or unworkable, relief lies with the legislative department, as the members of the Commission have no right to shut their eyes to plain provisions of the statute.

The record returned for review in response to the writ, we think, fully supports the finding of the trial court that no emergency existed. Certiorari therefore properly intervened to annul the Commission's order for the reason that there was no competent evidence to establish its jurisdiction to enter the order under review.

Judgment affirmed.

STANFORD, C. J., and LaPRADE, J., concur.