220 P.2d 480

**METROPOLITAN LINES, Inc., v. BROOKS et al.**

No. 5381.

Supreme Court of Arizona.

July 10, 1950.

Jennings, Strouss, Salmon & Trask, and J. A. Riggins, Jr., of Phoenix, for petitioner.

Fred O. Wilson, Attorney General, Calvin H. Udall, Assistant Attorney General, for Corporation Commission.

Langmade & Sullivan, of Phoenix, for Sun Valley Bus Lines, Inc., an interested party.

UDALL, Justice.

The petitioner, Metropolitan Lines, Inc., a corporation instituted this original proceeding in certiorari against the Arizona Corporation Commission, and the individual members thereof, for the purpose of testing the legality of an order, entered by the com-

mission upon its own motion on June 6, 1950, directing Sun Valley Bus Lines, Inc. (hereinafter termed Sun Valley), to commence rendering local passenger service, as a common carrier under certificate No. 5234, to all intermediate points between Phoenix-Florence or Phoenix-Superior, save and except through passenger service between the designated termini.

This is a companion case to an original prohibition proceeding entitled Pacific Greyhound Lines v. Brooks, Ariz., 220 P.2d 477. Both cases stem from the main case entitled Pacific Greyhound Lines v. Sun Valley Bus Lines, 70 Ariz. 65, 216 P.2d 404.

Metropolitan, as petitioner, asserts that it has certain operative rights as a common carrier in Maricopa County, particularly as to its service between Phoenix and Mesa and intermediate points, that will be invaded by Sun Valley if it complies with the Commission's order. It further maintains that the Commission in entering the order in question acted in excess of its jurisdiction and that the order is therefore null and void.

At the outset we are met with a motion to quash filed by the Attorney General in behalf of the Commission. Two points are urged— (1) that the remedy of appeal from this order exists in favor of petitioner; and (2) that petitioner has a plain, speedy and adequate remedy at law to obtain the relief sought. As this court stated in Hunt v. Norton, 68 Ariz. 1, 198 P.2d 124,

126, 5 A.L.R.2d 668: "Certiorari may be granted only when two facts appear: (a) the jurisdiction of the inferior tribunal must have been exceeded, and (b) there is neither an appeal nor a plain, speedy and adequate remedy. Sec. 28-101, A.C.A.1939. * * *" See also Commercial Life Ins. Co. v. Wright, 64 Ariz. 129, 166 P.2d 943.

There is no merit to the Commission's contention that the proceedings outlined under Sec. 69-249, A.C.A.1939, constitutes an appeal. This Court directly passed upon this precise point in the case of Corporation Commission of Arizona v. People's Freight Line, Inc., 41 Ariz. 158, 16 P.2d 420, 421, wherein we said: "It will be seen, upon examining the language of this section, that the proceeding *is not an appeal from the decision of the commission,* but it is a new and independent action. The case is heard de novo upon such evidence as may be proper, and not merely upon a review of the evidence taken before the commission. * * *" (Emphasis Supplied.) For an analogous ruling under a similar provision in the Workmen's Compensation Act, see O'Neill v. Martori, 69 Ariz. 270, 212 P.2d 994.

Assuming the right of petitioner to challenge the validity of the order by a direct proceeding in the superior court, as provided for under Sec. 69-249, supra, with its resulting trial de novo and an ultimate right of appeal from the judgment there entered, does this circuitous route, under the peculiar circumstances of this case, afford a plain, speed and adequate remedy to correct the evils flowing from the order now under review? It is our considered judgment that it does not. Such procedure, as we view it, would be inadequate either in promptness or completeness to avoid a partial or total failure of justice. The motion to quash is, therefore denied.

The Commission in obedience to the writ of certiorari has sent to this court the complete file in its docket No. 8178-A-5289 covering certificate of convenience and necessity No. 5234. Hence for the first time we have before us all of the various proceedings had in this matter. It appears therefrom that when the Southern Pacific Railway discontinued its branch passenger service into the Hayden-Winkleman area, the Commission, to meet the travel needs of residents of that area for a common carrier, in the year 1940 granted a certificate of convenience and necessity No. 2335 to parties by the name of Tarbell. It should be stated that bus service from Phoenix to Florence and Phoenix to Superior, and all intermediate points between said termini, was then being furnished by other certificated carriers. The only virgin territory involved was from Florence to Winkleman. The next year this certificate was assigned by the Tarbells to Bertha C. Adams at which time the certificate was given the number it now bears, to wit, 5234. In the year 1943, Adams transferred it to Carl H. Harris and the latter assigned the certificate to Sun Valley in the year 1945. All of

these various assignments were made with the approval of the Commission.

An examination of the docket file makes clear two things: (1) that with the reissuance by the Commission of certificates of convenience and necessity to the respective assignees there was no intention to in any manner change or enlarge the scope of operations under certificate No. 5234 from that granted in the original certificate; (2) that operations to intermediate points between Phoenix-Florence or Phoenix-Superior was not contemplated. Bearing out the first point are certain statements appearing in the docket file. When Tarbell made application to assign to Adams it was stated therein: "There is no change, modification, improvement or extension of rights in this application." In the Commission's opinion and order approving the assignment to Sun Valley it recited: "From the evidence adduced the Commission is of the opinion that the application should be granted. By reason of some uncertainty in the language of the notice of hearing, a question arose as to whether it was sought to enlarge the present operative rights of applicant, Carl H. Harris, through giving intermediate service. It was stipulated by Sun Valley Bus Lines, Inc. that if the transfer of operative rights should be approved by the Commission it would not give service in addition to that now offered by applicant, Carl H. Harris, and that said application did not purport to and was not intended to enlarge the operative rights of said Carl H. Harris as now

existing." As to the second point, the original passenger operative rights granted under certificate No. 5234 (omitting the provision for the alternative route via Superior which was permissible only during certain periods of the year when flood and high waters prevented the use of the direct line between Winkleman and Florence) were as follows: "Passengers and their personal baggage, between Phoenix and the Winkleman-Hayden-Hayden Junction-Kelvin District and points intermediate, provided however, that no service shall be given between Phoenix and Florence or between Phoenix and Superior." (Emphasis supplied.) The meaning of the phrase "and points intermediate" is best explained by applicant Tarbell who, after stating that passengers would not be picked up between Florence and Phoenix as there was service in there, testified: "Q. Tell the Commission just what points you would serve in the event this application is granted. A. I would serve between Winkleman, Hayden, points along the line there, Hayden Junction, and points along for passengers into Florence and for instance anybody wanted to go to Hayden or from Hayden to Ray or back they would get bus service in there. There's points being served with no equipment" (emphasis supplied), indicating clearly that the "intermediate points" referred to were those points, hereinafter enumerated, lying between Florence and Winkleman and did not refer to "intermediate points" such as Tempe, Mesa and Chandler lying be-

tween Florence and Phoenix. There is nothing in the record to indicate an intention upon the part of the Commission to permit an encroachment upon territory already being served by another certificated carrier. Any doubts on this point were resolved when an objection was raised as to the form of the notice, containing "and points intermediate over stated routes", used by the secretary on the application of Harris to assign his interest to Sun Valley for at the hearing it was stipulated:

"Mr. Jerman: Mr. Parks' objection, as I understand it, if you will change the word here—the notice isn't in accordance with our application, but he objects to the words 'intermediate over stated routes.'

"It is stipulated between Sun Valley Bus Lines and Pacific Greyhound that if the words 'intermediate service' is omitted from the operations between Phoenix and Florence, that there will be no objection and our application may be granted."

And Carl H. Harris testified: "Q. Tell the Commission just where you operate. A. I operated from Phoenix to Kelvin, then to Ray, Sonora and back through Ray to Kelvin, to Hayden and to Winkleman, *with closed doors to Phoenix.*" (Emphasis supplied.)

In the case of Santee v. Brady, 209 Ark. 224, 189 S.W.2d 907, 908, it is stated: "The expression 'closed doors', when used by regulatory authority in connection with operation of motor carrier, generally means operation of common carrier motor vehicle between designated points or over designated routes without receiving or discharging passengers between such points or over such routes." See also Vol. 7 Words and Phrases, Perm. Ed., Cumulative Annual Pocket Parts.

Furthermore we do not believe that Sun Valley or the Commission can argue with any force or logic that the phrase "that no service shall be given between Phoenix and Florence" can be interpreted to mean that while no service can be rendered between these termini, it can be rendered as to all intermediate points between Florence and Phoenix. The word "between" is defined as follows: "1. In the space which separates; betwixt; as, New York is between Boston and Philadelphia. 2. From one to another of;—used in expressing motion or distance from one body or place to another; hence, joining or connecting, across intervening space * * *." Webster's New International Dictionary, Second Edition. Hence as we view it the word "between" is not susceptible of the strained construction attempted to be placed upon it.

It is significant that the only schedule of tariffs containing rates or fares under this certificate, as required by law, Sec. 66-506, A.C.A.1939, was filed by the Tarbells in the year 1940 and the only intermediate points between Phoenix and Winkleman for which rates are shown are those between Florence and Winkleman, viz.: Arizona State Prison, Berkersville Junction, Wolsey Wash,

Kelvin, Ray Junction, Ray, Brenniman, Hayden Junction, Hayden and Winkleman. No rates or fares are shown for any intermediate points lying between Florence and Phoenix such as Tempe, Mesa or Chandler, these being the towns which the Commission by its order now directs Sun Valley to serve under certificate No. 5234. As a matter of fact, in so far as we have been able to glean from the record, no intermediate service has ever been rendered or offered under certificate No. 5234 in the so-called prohibited area between Phoenix and Florence until Sun Valley's recent assertions (apparently accepted by the Commission) that this certificate gave it those rights.

 The Commission makes it very clear in directing Sun Valley to render service to Tempe, Mesa and Chandler that it is not attempting an enlargement or extension of Sun Valley's operative rights but is merely requiring the latter to render such service as in its opinion was required under certificate No. 5234. Inasmuch as the requirements of the statute, Sec. 66-506, A.C.A. 1939, as to notice, etc., to authorized carriers in the area was not complied with, such order could not in any event be upheld upon the theory that there was an enlargement or extension of service, as the jurisdictional requirements had not been met. This, in effect, is conceded by respondents.

It is our considered opinion from an examination of the docket covering certificate 5234 that it conclusively appears the Commission had no legal basis for ordering Sun Valley to render local service to any intermediate points between Phoenix-Florence or Phoenix-Superior. Inasmuch therefore as the Commission in entering the order in question acted wholly beyond and in excess of its jurisdiction, the order is declared to be void and of no effect.

LA PRADE, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concur.