272 P.2d 610

**GIBBONS et al.   v.   FINLEY.**

No. 5808.

Supreme Court of Arizona.

July 12, 1954.

William C. Eliot, City Atty., Fred F. Bockmon, Asst. City Atty., Phoenix, for appellants.

Parker & Muecke, Phoenix, for appellee.

WINDES, Justice.

All dates hereinafter mentioned refer to the year 1951. In March, the city council of Phoenix adopted ordinance No. 5713 setting up a new administrative code for the administration of the city government. In the ordinance it is provided that there shall be a police department organized in four divisions, each of which to be headed by a police captain. On May 25th, the civil service board of the city of Phoenix (hereinafter referred to as the board) set up a new classification plan covering all positions in the classified civil service. Included was a classification for position of police captain and police lieutenant. On May 29th, the city council passed ordinance S–27, to be effective July 1, adopting the classification plan theretofore set up by the board.

Prior to the establishment and effective date of the new plan there existed the position of police captain but there was no designation or classification of the position of police lieutenant. In the new plan the designation of police lieutenant agrees substantially with what was formerly the designation of police captain, and the new designation of captain was given different and additional duties to those formerly imposed on captains.

The record is not clear concerning the exact number holding the rank of captain on the effective date of the new plan, but it does appear there were at least seven including one Woodrow Wilson and one Richard E. Finley, appellee herein, the latter being seventh in seniority according to their respective dates of appointment. As well as can be gleaned from the record, five of these officers holding seniority over appellee were retained as captains under the new plan, one of whom was assigned to the Public Works department as traffic engineer, while Wilson and Finley were retained as lieutenants. Thereafter, pursuant to petition filed with the board, these latter two men claimed they had been demoted because of having been allocated to the classification of lieutenant. At a hearing on the petition the board by motion declared the classification of police lieutenant in the new classification plan was equivalent to the classification of captain of police in the old classification plan and directed that a promotional examination be held to fill the positions of police captain under the new plan. Thereafter, in August, the board by motion rescinded its former action requiring promotional examination and declared that five of the officers formerly holding position of captain and holding seniority over Wilson and Finley qualified as captain under the new plan.

On December 1st, the board granted the petition of Wilson and Finley and directed they be restored to the position of captain of police. Three days later, on December 4th, but effective December 1st, the chief of police served on appellee Finley a notice that he was laid off from the position of police captain and returned to the rank of police lieutenant due to lack of work in the police captain classification. This action of the chief was approved by the city manager. Appellee-appealed to the board for reinstatement to the position of captain and being denied relief, secured from the superior court of Maricopa County a writ of certiorari. After hearing upon return made of the record of the proceedings and action of the board, the superior court rendered judgment setting aside the order of the board denying petitioner's request for reinstatement.

From this judgment the board appeals and requests this court to rule that the superior court erred in setting aside its order refusing reinstatement of appellee for the reason the record submitted by the return to the writ shows that the board had jurisdiction to enter the order in question. In support of this position the board contends that since it had authority to hear matters of this character and to make decisions thereon, it had jurisdiction and power to make the order in question and since certiorari can only be used to test jurisdiction, appellee must fail to get the relief granted by the superior court. It is

contended that since the board had the power to hold the hearing and receive evidence concerning the matter at issue, this court on review by certiorari cannot go into the evidence to determine the correctness of the board's judgment thereon.

It is true that, according to the statute, A.C.A.1939, sections 28–101 and 28–104, and our interpretations thereon, certiorari can only be used to review the record of the inferior tribunal, board or commission to determine whether it acted within or exceeded its jurisdiction. However, in testing the action of an administrative board or commission, it is not sufficient to determine merely whether it had power to enter upon the inquiry and make some decision thereon. We must also determine whether the existence of facts are essential as a prerequisite to its power to act as it did. Boards and commissions are not courts of general jurisdiction. Their powers are limited by the laws applicable thereto and if power to act depends upon the existence of a fact, such is a jurisdictional fact, and it must exist or there must be evidence to warrant a finding to that effect before the board has jurisdiction.

It is undoubtedly sound that in reviewing the record on certiorari the court will not weigh conflicting evidence and substitute its judgment thereon for that of the board, but it is likewise the rule that the court will look into the evidence to determine whether the finding of the board that a jurisdictional fact exists is sustained

by such evidence. A board or commission cannot create jurisdiction by finding a fact upon which the same depends without evidence in support thereof, and an attempt to do so may be questioned by writ of certiorari. Batty v. Arizona State Dental Board, 57 Ariz. 239, 112 P.2d 870; Hunt v. Norton, 68 Ariz. 1, 198 P.2d 124, 5 A.L. R.2d 668.

In the event a board in reaching a determination on a subject matter within its jurisdiction must have evidence upon which to base its decision and acts without evidence, it thereby goes beyond the limits of its powers and has committed a jurisdictional error which may be reviewed on certiorari. State ex rel. City of Augusta v. Losby, 115 Wis. 57, 90 N.W. 188; Borgnis v. Falk Co., 147 Wis. 327, 133 N.W. 209, 37 L.R.A.,N.S., 489. We have approved this principle in Batty v. Arizona State Dental Board, supra.

It appears from the record that according to the rules of the board one occupying a classified position and working under the city civil service can only be laid off for two reasons—lack of work or lack of funds. These are the only two bases upon which the board would be empowered to approve a lay-off. Approval of a lay-off for any other reason would be beyond its power and, therefore, in excess of its jurisdiction. It follows, therefore, that whether appellee was in fact laid off for lack of work is a matter that the commission must find to exist from the evidence before it would have power or jurisdiction to approve the lay-off. This court will examine the evidence, not for the purpose of weighing conflicts therein, but merely for the purpose of determining whether the board's finding is supported by any evidence. If upon such review the court finds support therein for the board's finding, its action must be sustained.

It appears from the evidence that on December 1st when the board made its order directing reinstatement of Wilson and Finley to captaincies, the chief of police had four men serving as captains, one at the head of each of the divisions provided for in ordinance No. 5713, and a fifth captain on assignment to the public works department. The effect of the chief's testimony is that for the efficient operation of the police department he had no use for two additional captains but could use one for supervisory work over the four divisions from the hours of 6 p. m. to 2 a. m. and did not need a captain thereafter until the regular division captain came on duty. He testified that for these reasons he placed Wilson, who held seniority over Finley, in the position of night supervisor and not needing another captain, he laid off Finley as such and placed him in the category of lieutenant. The ordinance only requires four captains, one at the head of each division. Appellee submitted much evidence

that a captain could be used for night and day shifts in each division and that a captain could be used to assist during vacations and in the event of illness. This evidence might tend to indicate that probably the chief could have and in the interests of efficiency should have employed more captains, but he was employing all the law required. So long as the law is complied with, we are not interested in a debate as to which is the more efficient method of operating the police department or as to whether the administrative officers acted wisely. Courts do not meddle with the internal operation of city governments and the exercise by their officers of discretionary power. We are concerned here only with whether the board acted capriciously without evidence in approving appellee's lay-off. We cannot say that because the chief might have in the exercise of his discretion placed more captains on night work, he was required by law to do so and acted arbitrarily and capriciously in not so doing.

The board was not compelled from the evidence before it to say the lay-off was for an unlawful reason. It might well say that the chief did not need appellee's services as a captain and could approve his lay-off in that capacity for lack of work. Appellee contends the lay-off being made effective as of the same day he was reinstated to the rank of captain proves bad faith and other reasons for the lay-off. Such a circumstance might be evidentiary but it is not conclusive and would not compel the board to find another reason for the chief's action.

We are of the view that there was evidence from which the board could find that the chief of police had no work requiring the services of another captain and, therefore, it had jurisdiction to make the order approving the action of the chief.

The judgment of the lower court is reversed.

PHELPS, C. J., and STANFORD, WINDES, LA PRADE and UDALL, JJ., concur.