356 P.2d 699

Virginia Greene Sturdivant MILLER, Petitioner,

v.

SUPERIOR COURT of the State of Arizona IN AND FOR COUNTY OF PIMA and the Honorable Herbert F. Krucker, Presiding Judge Thereof, Respondents.

No. 7145.

Supreme Court of Arizona.

Nov. 17, 1960.

Rehearing Denied Dec. 13, 1960.

Darrow, D'Antonio, Hayes & Morales, Tucson, for petitioner.

A. S. Johnston, III, McKesson & Renaud, Phoenix, for respondents.

LESHER, Justice.

Certiorari to review an order of the Pima County Superior Court, removing the trustee of an inter vivos trust.

The trust had earlier been created by petitioner, Virginia Greene Sturdivant Miller, who named herself as beneficiary and Robert L. Sharp as trustee. Tucson Title Insurance Company subsequently became trustee. Upon her death the trust was to end and the principal to be paid to her three children, of whom respondent Mary Helene Sturdivant Barmann is one.

In March, 1960, at the insistence of petitioner, Tucson Title Insurance Company was removed as trustee, and Ashland Corporation was appointed in its place. Respondent appealed to this Court from the order appointing Ashland, claiming, among other things, that she had had no legal notice of the proceedings in which that appointment was made. Thereafter, in June, 1960, respondent Mary Helene Sturdivant Barmann moved the superior court for an order removing Ashland as trustee, on the ground that it was a foreign corporation, organized under the laws of Liberia, never authorized to do business in Arizona, and hence ineligible to appointment as trustee under the provisions of A.R.S. § 10–484, subd. E:

"No foreign corporation shall be appointed to act as executor, administrator, trustee or guardian of the estate of a minor or incompetent person, or in any other fiduciary capacity except as testatmentary trustees."

After a hearing on that motion, and the Superior Court finding that Ashland Corporation was in fact unqualified to act as trustee, an order was entered on July 1, 1960, removing Ashland and directing it to render an accounting of the trust. It is that order of July 1, 1960, that is sought to be reviewed.

Petitioner first contends that since on July 1, 1960, Ashland's appointment had already been appealed to this Court, the superior court had no further jurisdiction in connection with the trust except in aid of that appeal, and, specifically, no jurisdiction to entertain the motion for an order removing Ashland. We do not decide this issue, however, since other considerations control our disposition of the case.

This proceeding is governed by A.R.S. § 12–2001:

"The writ of certiorari may be granted by the supreme and superior

courts or by any judge thereof, in all cases when an inferior tribunal, board or officer, exercising judicial functions, has exceeded its jurisdiction and there is no appeal, nor, in the judgment of the court, a plain, speedy and adequate remedy."

It is clear that there are two conditions precedent to the granting of a writ of certiorari: First, an inferior tribunal must exceed its jurisdiction; Second, there must be no appeal from the judgment or order entered. Hunt v. Norton, 68 Ariz. 1, 198 P.2d 124, 5 A.L.R.2d 668; Metropolitan Lines v. Brooks, 70 Ariz. 344, 220 P.2d 480; Hazard v. Superior Court, 82 Ariz. 211, 310 P.2d 830. We thus come down to this question: Granting, for the purpose of argument, that the order removing Ashland was outside the scope of the court's jurisdiction, was it appealable?

Although authority elsewhere is divided, a majority of the courts which have considered the question have held the removal of a trustee to be an appealable order. See Annotation, 37 A.L.R.2d 751 et seq.

"When in the course of the administration of a trust it becomes apparent that the trustee cannot with justice to the beneficiaries be allowed to continue in the exercise of his powers, he may be removed. In the absence of provisions to the contrary either in the statutes of the jurisdiction or in the trust instrument, the power so to remove a trustee rests exclusively in the chancery court. It is one of the powers derived from the historic jurisdiction of equity to enforce the performance of trusts. It exists without statutory or constitutional authorization and even in spite of attempts in the trust instrument to invest the trustee with uncontrolled discretion subject to no accountability to any court. *If a court abuses its discretion in removing a trustee, its decree may be reversed on appeal.*" Bogert, Trusts and Trustees, Section 519. (Emphasis ours.)

Our controlling statute is A.R.S. § 12–2101, which reads, in part, as follows:

"An appeal may be taken to the supreme court * * *

* * * * * *

"E. From a final order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment.

* * * * * *

"G. From an interlocutory judgment which determines the rights of the parties and directs an accounting or other proceeding to determine the amount of the recovery."

Whether it be considered as final or interlocutory, the act of a trial court which

removes a trustee affects the substantial rights of the parties to the proceeding; it also, insofar as those proceedings are concerned, determines those rights. Guided by the language of the statute, and consistent with the bulk of authority elsewhere, we hold that the order of July 1, 1960, removing Ashland Corporation as trustee, was appealable.

This being true, certiorari will not lie to review that order. The alternative writ is therefore quashed, and the petition is denied.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN, and UDALL, JJ., concurring.